Dear Chief Cazes:
In response to your inquiry of recent, please note our legal conclusions are as follows. First, the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., are not implicated where only one of the positions constitutes public office. Thus, the dual officeholding laws do not prohibit an individual from serving in the elected office of Mayor while continuing to be self-employed as an attorney in private practice.
In contrast, note that R.S. 42:63(D) provides that no one holding an elective office, such as municipal mayor, may simultaneously hold either (1) a full-time appointive office in any political subdivision of the state, nor may he hold (2) employment (whether part-time or full-time) in the same political subdivision in which he holds elective office. The statute pertinently provides, for your reference:
 (D). No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office
Further, R.S. 42:64(A)(1) prohibits the incumbent of one of the offices from holding another office over which he, by virtue of his first official capacity, has appointing authority.[1]
Thus, to the extent that the mayor has appointment authority over the position of city attorney (R.S. 33:386 provides that "the mayor, subject to the confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality"), R.S. 42:64 prevents him from simultaneously holding both offices.
Finally, no prohibition exists preventing a mayor from holding a part-time appointive office such as assistant district attorney.
The foregoing is limited to an application of the dual officeholding laws. You should further seek the advice of the State Ethics Commission concerning ethical violations under the Code of Governmental Ethics, LSA-R.S. 42:1111, et seq. You may direct your inquiry for an opinion to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, Louisiana, 70808, telephone number 225-765-2308.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable C. J. Cazes Chief of Police P.O. Box 329 Plaquemine, LA 70765
Date Received: Date Released: March 23, 2000
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:64 concerning the incompatibility of certain offices pertinently provides:
§ 64. Incompatible offices
 A. In addition to the prohibition otherwise provided in this Part, no other offices of employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.